## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

### *[ELECTRONICALLY FILED]*

| | | |
|---|---|---|
| RICHARD E. MOORE III, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | |
| | ) | |
| HOPKINS COUNTY, KENTUCKY | ) | |
| **Serve**:   Donald Carroll | ) | |
| County Judge Executive | ) | |
| Hopkins Co. Government Ctr. | ) | |
| 56 North Main Street | ) | |
| Madisonville, KY 42431 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAILER JOE BLUE, individually and in | ) | **CIVIL ACTION** |
| his official capacity as Hopkins County Jailer | ) | **NO.** 4:17-cv-39-JHM |
| **Serve**:   Hopkins County Jail | ) | |
| 2250 Laffoon Trail | ) | |
| Madisonville, KY 42431 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC. | ) | |
| **Serve**:   CT Corporation System | ) | |
| 306 West Main Street | ) | |
| Suite 512 | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNKNOWN DOCTOR, individually | ) | |
| and in his/her official capacity as doctor | ) | |
| at the Hopkins County Jail, or | ) | |
| as employee or independent contractor | ) | |
| of Advanced Correctional Healthcare, Inc. | ) | |
| **Serve**:   Hopkins County Jail | ) | |
| 2250 Laffoon Trail | ) | |
| Madisonville, KY 42431 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM BRYAN EADES, D.D.S., | ) | |
| individually and in his official capacity | ) | |
| as dentist at the Hopkins County Jail, or | ) | |
| as employee or independent contractor | ) | |

of Advanced Correctional Healthcare, Inc.            )
**Serve**:            William Bryan Eades, D.D.S            )
           132 East Main Cross Street            )
           Greenville, KY 42345            )
                       )
and            )
                       )
JODI BLAKE, STEPHANIE UTLEY,            )
ROBIN RAMBURGER,            )
CHERYL CONNELLY, JACLYN GIBSON,            )
and MATTHEW JOHNSTON, individually            )
and in their official capacities as nurses, health            )
care professionals, or employees at            )
the Hopkins County Jail, or as employees            )
or independent contractors of Advanced            )
Correctional Healthcare, Inc.            )
**Serve**:            Hopkins County Jail            )
           2250 Laffoon Trail            )
           Madisonville, KY 42431            )
                       )
and            )
                       )
UNKNOWN DENTAL ASSISTANTS            )
AND AIDES, individually, and in their            )
official capacities at the Hopkins County Jail,            )
or as employees or independent contractors            )
of Advanced Correctional Healthcare, Inc.            )
**Serve**:            Hopkins County Jail            )
           2250 Laffoon Trail            )
           Madisonville, KY 42431            )
                       )
                       )
SERGEANT CARL COY, individually            )
and in his official capacity as an officer and            )
employee of the Hopkins County Jail            )
**Serve**:            Hopkins County Jail            )
           2250 Laffoon Trail            )
           Madisonville, KY 42431            )
                       )
                       )
UNKNOWN GUARDS OR DEPUTIES,            )
individually, and in their official capacities            )
as officers and employees            )
of the Hopkins County Jail            )
**Serve**:            Hopkins County Jail            )
           2250 Laffoon Trail            )
           Madisonville, KY 42431            )
                       )
           **Defendants**            )

# COMPLAINT

****

## INTRODUCTION

1.  The Plaintiff, Richard E. Moore III,  by counsel, complains of the outrageous, inhumane, and unjustifiable treatment to which the Defendants subjected him during his incarceration in the Hopkins County, Kentucky Jail ("the Jail") from approximately March 19, 2016 to June 20, 2016.  As more specifically set forth in the Complaint, Mr. Moore was subjected to the Defendants' deliberate indifference to his medical needs, and, as a consequence, he was subjected to grievous bodily harm, extreme emotional distress and mental anguish, thereby sustaining permanent injuries that have destroyed his earning capacity and rendered him unable to enjoy life, as he had been capable prior to this incarceration.  The purpose of this lawsuit is to recover actual and compensatory damages for the severe and permanent injuries and emotional and mental suffering that Mr. Moore suffered as a result of the Defendants' conduct, and to recover punitive damages to punish the Defendants' conduct and deter them from engaging in its repetition.

## JURISDICTION AND VENUE

2.  The Plaintiff seeks damages from the Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the gross and unconscionable violations of the rights, privileges and immunities guaranteed by the Fifth, Eighth, Tenth, and Fourteenth Amendments to the United States Constitution.  Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 38 U.S.C. §§ 1331 and 1343.  The Plaintiff also seeks damages arising under Kentucky Revised Statute 71.040, and for medical malpractice, dental malpractice, negligence, gross negligence, recklessness,

3

outrageous conduct, and intentional infliction of emotional distress. Hopkins County, Kentucky is the location of all acts pertinent to this suit, and venue is, therefore, proper in this Court.

## PARTIES

3.  The Plaintiff was a resident of Hopkins County, Kentucky, at the time of the above-mentioned, and below-detailed, conduct of the Defendants.  The Plaintiff is presently a resident of Jefferson County, Kentucky.

4.  The Defendant, Hopkins County, at all times mentioned herein, employed, was responsible for the establishment of policies, either formally or by custom, and was responsible for the employment, training, supervision and conduct of the officers and employees of the Jail.

5.  The Defendant, Jailer Joe Blue, was at all times mentioned herein acting individually and/or in his official capacity as Jailer of Hopkins County Jail, and as such, established policies, either formally or by custom, for which he was responsible and which governed the employment, training, supervision and conduct of the officers and employees of the Jail.

6.  The Defendant, Advanced Correctional Healthcare, Inc., was at all times mentioned herein acting individually, or in its official capacity, and employed or independently contracted with health care professionals of the Jail, and as such, was responsible for the establishment of policies either formally or by custom, and was responsible for the employment, training, supervision and conduct of the health care professionals of the Jail.

4

7.  The Defendant, Unknown Doctor, was at all times mentioned herein a medical professional employed by the Jail or Advanced Correctional Healthcare, Inc., or who was otherwise associated or contracted with the Jail or Advanced Correctional Healthcare, Inc.  The Defendant, Unknown Doctor, participated in the mistreatment of the Plaintiff, individually and/or in his or her official capacity.  In addition, Unknown Doctor, as the Jail's doctor, was responsible for the establishment of policies implemented at the Jail, either formally or by custom, and was responsible for the employment, training, supervision and conduct of the nurses and health care professionals at the Jail.

8.  The Defendant, William Bryan Eades, D.D.S, as the Jail's dentist, participated in the mistreatment of the Plaintiff, individually and/or in his official capacity, was responsible for the establishment of policies implemented at the Jail, either formally or by custom, and was responsible for the employment, training, supervision and conduct of the dental assistants, dental aides, and health care professionals at the Jail.

9.  The Defendants, Jodi Blake, Stephanie Utley, Robin Ramburger, Cheryl Connelly, Jaclyn Gibson, and Matthew Johnston, were at all times mentioned herein nurses or health care professionals employed by the Jail or Advanced Correctional Healthcare, Inc., or who were otherwise associated or contracted with the Jail or Advanced Correctional Healthcare, Inc.  The Defendants participated in the mistreatment of the Plaintiff, individually and/or in their official capacities.

10.  The Defendants, Unknown Dental Assistants and Aides, were at all times mentioned herein dental assistants, aides, or health care professionals employed by the Jail or Advanced Correctional Healthcare, Inc., or who were otherwise associated

5

or contracted with the Jail or Advanced Correctional Healthcare, Inc.  The Defendants, Unknown Dental Assistants and Aides, participated in the mistreatment of the Plaintiff, individually and/or in their official capacities.

11.  The Defendant, Sergeant Carl Coy, was at all times mentioned herein acting individually and/or in his official capacity as the supervisor of Jail guards and/or deputies, and as such, established policies, either formally or by custom, for which he was responsible and which governed the employment, training, supervision and conduct of the guards and/or deputies and employees of the Jail.  In addition, the Defendant, Sergeant Carl Coy, participated in the mistreatment of the Plaintiff, individually and/or in his official capacity.

12.  The Defendants, Unknown Guards or Deputies, were at all times mentioned herein employed by the Jail and participated in the mistreatment of the Plaintiff, individually and/or in their official capacities.

## NATURE OF THE DEFENDANTS' CONDUCT

13.  The Defendants, individually and in conspiracy with one another, engaged in the conduct described below under the color of the law of the Commonwealth of Kentucky, and Hopkins County.  The individual Defendants named above knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized, or approved the conduct described below, individually and in their official capacities with the Jail.  The offenses described below resulted from the following failures of the County and the supervisory officials named above:  failure to employ qualified

persons for positions of authority; failure to properly or conscientiously train and supervise the conduct of such persons after their employment; and, failure to promulgate appropriate operating policies and procedures, either formally or by custom, to protect the constitutional rights of the Plaintiff.  The Defendants' conduct was intentional, grossly negligent, negligent, and indicated actual malice toward the Plaintiff.  The Defendants acted in reckless disregard towards the Plaintiff, demonstrating indifference to the value of his life and his constitutional and common law rights.  The Defendants' deliberate indifference to the Plaintiff's medical needs justifies an award of punitive damages, in addition to the actual and compensatory damages to which he is entitled.


## FACTS

14.  On or about March 19, 2016, in Madisonville, Hopkins County, Kentucky, the Plaintiff, 34 years-old at the time, was at a friend's home when he began to experience chest pain, numbness, dizziness, and other symptoms associated with previously diagnosed symptoms of heart disease.  On information and belief, the Plaintiff attempted to drive himself to the Emergency Room and, upon noticing a Madisonville Police Department cruiser, he approached or flagged down the officer and stated that he was having a medical emergency and needed immediate medical attention.  The police officer observed the Plaintiff's state of medical distress and called an ambulance for the Plaintiff, which transported him to the Emergency Room.  While he was at the hospital, either prior to his admission or subsequent to his discharge, the Plaintiff was placed under arrest by the police officer and charged with

7

Operating a Motor Vehicle Under the Influence of Drugs/Alcohol, Third Offense, pursuant to KRS 189A.010(5)(c), and two traffic violations.  The Plaintiff was transported from the hospital to the Hopkins County Jail, where he was held in pretrial custody as an arrestee.

15.   At the time of his booking, on information and belief, the Plaintiff verbally informed the Defendants of his heart condition.  His medical intake questionnaire notates that he had been to the hospital within the previous 72 hours.  At the time of his intake screening, and at the absolute latest, by March 23, 2016, the Plaintiff had provided to the Defendants both verbal and written notification that specifically identified the Plaintiff's need for medical attention related to symptoms of a heart infection and a tooth abscess.

16.   Approximately two weeks into his pretrial detention at the Jail, on information and belief, the Plaintiff was doing pushups when he experienced severe chest pain, turned pale, and became unresponsive on the floor of his cell.  One of the inmates who were also in the cell pressed an emergency call button.  The Defendants, including Jail guards and a nurse or other medical professional, responded to the emergency call.  The Plaintiff was moved into a medical segregation cell, and he asked to see a doctor, but the Defendants refused to allow him access to a doctor and failed to provide him medical attention and/or treatment.

17.   Over the course of his pretrial incarceration at the Jail, the Plaintiff experienced numerous bouts of illness caused by his deteriorating condition, including the worsening of his heart condition, onset of deep vein thrombosis, dental abscess, and a blood infection, all of which clinically manifested while he was in

8

custody, and each of which remained undiagnosed and untreated by the Defendants. The weakness and pain in his chest, dizziness, light headedness, disorientation, numbness in his extremities, and the severe pain, discomfort, and physical deformity caused by the abscess, were a constant source of agony and physical and psychological suffering, and their excruciation and severity escalated over time. The Defendants were aware of the Plaintiff's symptoms and medical needs. On information and belief, over time, his state became so weakened and distressed that he was unable to stand up and move from the corner of his usual medical segregation cell to use the toilet.

    18. The Plaintiff asked to see a doctor on numerous occasions, from March 19 to June 20, 2016. He filed at least sixteen requests for medical attention and/or treatment with the Defendants and pled for their mercy, verbally and in writing. Numerous verbal and written requests for ibuprofen, usually requested to allay the pain caused by his tooth abscess, were denied. He filed at least one grievance with the Defendants alleging violations of his civil rights. In spite of the Defendants' awareness of his medical needs, the Plaintiff was, time and again, denied access to a doctor. On information and belief, the Plaintiff was never seen by a doctor, and the extent of the medical treatment that was afforded to him by the Defendants consisted of taking his vital signs after some episodes of unconsciousness. On information and belief, at the time when the Plaintiff was finally seen by a dentist, namely, the Defendant, William Bryan Eades, the tooth abscess was a grotesque deformity that had eaten through his jaw, which was causing him extreme pain and discomfort and, by the end of his incarceration, rendered it impossible for the Plaintiff to eat food. The Defendants concluded or had every reason to conclude, yet nevertheless knowingly disregarded, that the Plaintiff was in need of surgical intervention, but the Defendants

9

refused to provide the Plaintiff with access to an oral surgeon.

19.  Prior to his incarceration at the Hopkins County, Kentucky, Jail, the Plaintiff owned and operated a profitable general contracting business.  At the time of his incarceration, on information and belief, his business held a number of valuable construction and labor contracts. Prior to his incarceration at the Jail, the Plaintiff had worked full time, managed, supervised, and operated his business, and was able to sustain the long periods of physical exertion that are customary of workers in his vocation.  However, after his incarceration, and as a result of his incarceration, the Plaintiff underwent multiple operations and surgeries, which required extensive hospitalization.  To this day, the Plaintiff is being treated by a primary care physician, as well as heart and oral specialists, and he takes his prescribed medications. Nevertheless, he makes frequent trips to the Emergency Room for chest pain, faintness, and pain related to his recovery from oral surgery.  Being in custody at the Jail reduced him to a state of actual and legal disability, as he was placed on Supplemental Security Income (SSI) during his initial hospitalizations.   As of the filing of this Complaint – approximately nine months after his release from the Jail – the Plaintiff is unable to walk, much less perform any work, for more than thirty minutes at a time without becoming faint and experiencing numbness, dizziness, and the other symptoms which he developed while incarcerated at the Jail.

20.  As the substantial factor and direct and proximate result of the Defendants' failure to provide medical attention to him, the Plaintiff has sustained severe permanent injuries, for which his medical treatment and diagnosis are ongoing, as of the filing of this Complaint.  Further, the Defendants' mistreatment of the Plaintiff amounts to torture.  Accordingly, the Defendants' conduct was intentional, grossly

10

negligent, negligent, and indicated actual malice toward the Plaintiff.  The Defendants acted in reckless disregard towards the Plaintiff, demonstrating indifference to the value of his life and his constitutional and common law rights.  The Defendants' deliberate indifference to the Plaintiff's medical needs justifies an award of punitive damages, in addition to the actual and compensatory damages to which he is entitled.

## CAUSES OF ACTION

### Count I

21.  Paragraphs 1-20 above are herein incorporated by reference.

22. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious and was indicative of their deliberate indifference to the Plaintiff's medical needs.  The Defendants acted in reckless disregard towards the Plaintiff, demonstrating indifference to the value of his life and his constitutional and common law rights.  The Defendants' deliberate indifference to the Plaintiff's medical needs justifies an award of punitive damages, in addition to the actual and compensatory damages to which he is entitled.

23. The Plaintiff believes and, after reasonable discovery, will show that the Plaintiff's treatment by the Defendants was not unusual, but was part of a continuing pattern of the Defendants' willfully and deliberately ignoring the medical needs of inmates of the Jail.  Such conduct is the result of customs and practices of Hopkins County, the Jail, and Advanced Correctional Healthcare, Inc., and its employees, either written or unwritten, which are systematically applied to all persons who exhibit medical conditions or problems while incarcerated at the Jail.  Such practices

11

constitute an arbitrary use of government power, and demonstrate a total, intentional, deliberate, reckless, and unreasonable disregard and indifference to the value of the lives and constitutional and common law rights of inmates at the Jail, including the Plaintiff, and the systematic and deliberate violations of those rights that are likely to result from the regular and systematic pursuit of such practices.

24. As a result of the foregoing, the Plaintiff – through the Defendants' reckless, intentional, malicious, grossly negligent, and negligent conduct and deliberate indifference to his medical needs – was subjected to punishment for crimes for which he had not been convicted, deprived of his rights of due process, and subjected to cruel and unusual punishment in violation of the Fifth, Eighth, Tenth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

### Count II

25. Paragraphs 1-24 above are herein incorporated by reference.

26. The Defendants, Jailer Joe Blue and Sergeant Carl Coy, individually, and in their official capacities at the Hopkins County Jail, mistreated the Plaintiff in violation of KRS 71.040.  The Defendants' failure to obtain medical attention for the Plaintiff was a substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

### Count III

27.  Paragraphs 1-26 above are herein incorporated by reference.

12

28.  The actions of Defendant, Unknown Doctor, were negligent and fell beneath the standard of care required of a doctor with his or her level of training and education.  The Defendant's breach was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

### Count IV

29.  Paragraphs 1-28 above are herein incorporated by reference.

30.  The actions of Defendant, William Bryan Eades, D.D.S, were negligent and fell beneath the standard of care required of a licensed dentist in the state of Kentucky. The Defendant's breach of the standard of care was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages

### Count V

31.  Paragraphs 1-30 above are herein incorporated by reference.

32. The Defendants, through negligence, gross negligence, and recklessness, breached the duty of care owed to the Plaintiff.  Their breach was the substantial factor and direct and proximate cause of the Plaintiff's injuries, for which he is entitled to recover actual, compensatory, and punitive damages.

### Count VI

33. Paragraphs 1-32 above are herein incorporated by reference.

13

34. The Defendants' mistreatment of the Plaintiff was so atrocious and intolerable that it exemplifies the tort of outrage.


## DAMAGES

35. Paragraphs 1-34 above are herein incorporated by reference.

36. The Plaintiff's severe and permanent physical and emotional injuries entitle him to recover the income and earnings he would have enjoyed had he not been injured by the Defendants.   The Plaintiff is entitled to recover the income and earnings that he would have enjoyed to the extent that the Plaintiff's impairment to work in any capacity is permanent.  The physical and emotional injuries that the Plaintiff sustained as a result of the Defendants' conduct caused him to experience wanton and unnecessary pain and suffering, for which he is entitled to recover actual, compensatory, and punitive damages.  The Defendants' violations of the Plaintiff's constitutional and common law rights were cruel and indicated actual malice toward the Plaintiff.  The Defendants acted in reckless disregard towards the Plaintiff, demonstrating indifference to the value of his life and his constitutional and common law rights.  The Defendants' deliberate indifference to the Plaintiff's medical needs justifies an award of punitive damages, in addition to the actual and compensatory damages to which he is entitled.

**WHEREFORE**, the Plaintiff, Richard E. Moore III, demands as follows:

1. For judgment against the Defendants;

2. For actual, compensatory, and punitive damages;

14

3.  For his costs herein expended;

4.  For trial by jury; and

5.  For all other relief to which the Plaintiff may appear to be entitled.


                                        Respectfully submitted,


                                        /s/ Christopher J. Hoerter
                                        Christopher J. Hoerter
                                        Coleman, Roles & Associates, PLLC
                                        1009 South Fourth Street
                                        Louisville, KY 40203
                                        T (502) 584-8583 phone
                                        F (502) 584-1826 fax
                                        cjr.hoerter@gmail.com
                                        *Counsel for Plaintiff*