# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| **RICHARD EDWARD MOORE, III** ) | |
| ) | |
| PLAINTIFF ) | Civil Action No. 4:17cv-00039-JHM |
| v. ) | CHIEF JUDGE JOSEPH H. MCKINLEY, JR. |
| ) | |
| **HOPKINS COUNTY, KENTUCKY, et al.** ) | |
| ) | |
| DEFENDANTS ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's motion to file an amended complaint, DN 13. Defendants Hopkins County Kentucky, Jailer Joe Blue and Sergeant Carl Coy (hereinafter the "County Defendants") have filed a response in opposition at DN 19. The remaining defendants have not filed a response. The Plaintiff has replied at DN 21. The matter stands submitted to the undersigned for ruling.

### Nature of the Case

Plaintiff was incarcerated in the Hopkins County Jail between March 19 and June 20, 2016. He contends he suffered from a cardiac condition of which he informed the jail. He also contends he advised the jail that he suffered from an abscessed tooth. He alleges that during his incarceration he experienced cardiac emergencies but was denied medical care. He also alleges that his dental problem continued to deteriorate, but

he was denied medical care for that as well. Plaintiff contends that he suffered during his incarceration and continues to suffer pain and disability as a lasting consequence (DN 1).

With regard to the jail and jail-personnel, his original complaint named as defendants Hopkins County Kentucky, Hopkins County Jailer Joe Blue, Sergeant Carl Coy and "unknown Guards or Deputies." With regard to jail-related medical providers, he named Advanced Correctional Healthcare, Inc., health-workers Jodi Blake, Stephanie Utley, Robin Ramburger, Cheryl Connelly, Jaclyn Gibson, Matthew Johnston and "Unknown Dental Assistants and Aides." He also named dentist William Bryan Eades and "Unknown Doctor" (DN 1).

Plaintiff's complaint was filed on March 17, 2017, and asserts causes of action for civil rights deprivations under 42 U.S.C. § 1983, violation of K.R.S. 71.040 relating to the care of prisoners, common-law medical negligence, intentional infliction of emotional distress ("tort of outrage") and claims punitive damages (Id.).

## Plaintiff's Motion to Amend the Complaint

In addition to correcting a typographical error in the original complaint, Plaintiff wishes to amend the complaint to add the following as parties:

1. Mid America Health, Inc. Plaintiff states that he has since learned that this entity contracted with Defendant Dr. Eades to provide dental services to the jail.

2. Debora Ash, R.N. Plaintiff states that he has learned Nurse Ash was employed by Advanced Correctional Healthcare, Inc., as regional nurse manager during his incarceration.

3. Deputy Jailers Jarrett Backhurst, Victoria Davenport, Tracy Griffith, James Manns, Chris Melton; Sergeants Amber Eagles, Brandon Lampton, Angela Hopper; Deputy Adam Qualls. Plaintiff states that he has learned of their involvement in the case and seeks to substitute them for the previously named "Unknown Guards or Deputies."

4. Mathew Johnston, R.N. Plaintiff states that he has determined that Nurse Johnston "is the most professionally credentialed provider on the ACH staff" and had supervisory authority over the other ACH staff. Consequently, Plaintiff wishes to amend the claims against him to include liability for supervisory duties.

With regard to the parties added in the amended complaint, Plaintiff asserts the allegations against them relate-back to the original complaint under Fed. R. Civ. P. 15(c) because the allegations against the new defendants arose from the same conduct set forth in the original complaint, they received notice of the action when other defendants were served, they will not be prejudiced in their defense and they should have known they would be named but for Plaintiff's reliance on other information provided to him in the case (DN 13).

## The County Defendants' Response in Opposition

The County Defendants object only to Plaintiff's proposal to name the deputy jailers, sergeants and deputy as new parties (DN 19). They note that Plaintiff's claims against them under § 1983 are constrained by a one-year statute of limitations. They offer no authority, but presume that any claim under K.R.S. 71.040 is subject to the same

statute of limitation.[1]  They contend the proposed amended complaint was tendered more than one-year after the expiration of the statute of limitation and Plaintiff's amendment is a futility unless it is deemed to relate back to the original complaint by virtue of Rule 15(c).

The County Defendants assert that naming a real person in place of a fictitious "John Doe" is a change of party and not a mere substitution.  As a consequence, the amendment will only relate back under Rule 15(c)(ii) if the failure to name the party in the original complaint was the result of "a mistake concerning the proper party's identity." Rule 15(c)(ii).  Here, the County Defendants point to the Plaintiff's motion as establishing that the failure to initially include the additional defendants in the complaint was due to Plaintiff's lack of knowledge of their identities rather than mistake.  Lack of knowledge, the County Defendants further contend, does not constitute a mistake under Rule 15(c)(ii).  As such, they argue Plaintiff's effort to join the deputy jailers, sergeants and deputy is barred by statute of limitation and would therefore be a futility.

**Plaintiff's Reply**

Part of Plaintiff's reply addresses the propriety of amending the complaint against the healthcare-related parties; however, as no objection has been filed to their inclusion in the amended complaint the undersigned will focus on the issues related to the County Defendants.

---

[1] Plaintiff makes the same assumption.  *See* DN 21 at p. 8 ("The statute sounds in personal injury and may be assumed to have a one-year statute of limitations.").

Plaintiff's first argument is that the Court has the discretion, by virtue of the liberality afforded motions to amend complaints, to consider the motion under Fed. R. Civ. P. 15(a) as an "amendment before trial." Plaintiff reasons that the amendment is timely because it alleges claims against the new defendants for violations of Plaintiff's right "which occurred on a continuing and repeated basis through June 20, 2017, when the Plaintiff was released from the Jail" (DN 21, p. 3-4).

Plaintiff also argues that the new defendants engaged in conduct which violated his rights within one year from the date when he filed his motion to amend the complaint and, as such, the motion was timely filed within one year of the expiration of the statute of limitations.

## Discussion

1. Standard of Review for Motions to Amend a Complaint

> "Federal Rule of Civil Procedure 15 entitles a party to 'amend its pleading once as a matter of course' before being served with a responsive pleading, Fed. R. Civ. P. 15(a), and in all other cases, allows a party to amend either 'with the opposing party's written consent or the court's leave.' Id. at (a)(2). The Rule further states that 'court[s] should freely give leave when justice so requires." Id. In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment.' Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 669, 1001 (6th Cir. 2005) . . . ."

Taylor v. G.P.E.D.C., Inc., No. 5:16-CV-00004-TBR, 2017 U.S. Dist. LEXIS 106528, *35 (W.D. Ky. July 11, 2017).

### 2. Whether the Proposed Amended Complaint is a Futility

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

The County Defendants contend that the amended complaint is a futility, as the claims against the new county-related defendants are barred by statute of limitations. Where the allegations in a complaint affirmatively show that the claim is time barred, dismissal under Rule 12(b)(6) is appropriate. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). To determine if the complaint is time-barred, and therefore a futility, this Court must resolve the questions of whether the amended complaint relates-back to the date of the original complaint under Rule 15(c) or whether the amended complaint is otherwise filed within the applicable statute of limitation.

A. <u>Relation Back</u>

If a motion to amend a complaint is filed after the expiration of the statute of limitation Fed. R. Civ. P. 15(c) allows an amended complaint to relate back to the original date of filing. "The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." <u>Shillman v. United States</u>, No. 99-3215, 2000 U.S. App. LEXIS 15800, *16 (6th Cir. June 29, 2000).

However, relation back is only available when changing a party because there was "a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." <u>Asher v. Unarco Material Handling, Inc.</u>, 596 F.3d 313, 318 (6th Cir. 2010) (emphasis in original).

Here, the new county-related defendants are clearly new parties. Plaintiff does not contend that there was some mistake regarding the identities of the new defendants. To the contrary, Plaintiff asserts that he gained knowledge of their identities from Defendant Blue's responses to formal discovery requests (DN 13, p. 2). The Sixth Circuit has indicated a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)[(1)(C)(ii)." <u>Moore v. Tennessee</u>, 267 F. App'x 450, 455 (6th Cir. 2008). Stated differently, relation back is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired. <u>Hiler</u>, 2013 U.S. Dist. LEXIS 26548, at *11-12; *see also* <u>Ham v. Sterling</u>

Emergency Servs. Of the Midwest, Inc., 575 Fed. Appx. 610, 615-17 (6th Cir. 2014) (While the Rule permits the correction of misnomers, it does not permit the addition of new parties after the expiration of the statute of limitations.); Brown v. Cuyahoga Co., Oh., 517 Fed. Appx. 431, 434 (6th Cir. 2013) (Opting not to find out whom to sue within the limitation period or simply not knowing whom to sue does not constitute a "mistake" for purposes of relation back.); Medley v. Shelby Co., Ky., C. A. No. 13-cv-35-GVT, 2015 U.S. Dist. LEXIS 56509, at *8 (E.D. Ky. Apr. 30, 2015) (Plaintiff did not make a "mistake" about which defendant to sue when he simply did not know whom to sue or opted not to find out within the limitation period.); Jadco Enterprises, Inc. v. Fannon, C. A. No. 6:12-225-DCR, 2013 U.S. Dist. LEXIS 162717, at *14 (E.D. Ky. Nov. 15, 2013) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court.").

Moreover, "place-holder" party designations such as "John Doe" or "Unknown" do not serve to avoid the requirement of naming a specific party to the action prior to the expiration of the statute of limitations. "[Rule 15(c)] allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." Smith v. City of Akron, 476 Fed. Appx. 67, 69 (6th Cir. 2012).

Consequently, the amended complaint cannot relate back to the original complaint for purposes of applying the statutes of limitation to the claims asserted against the new

county-related defendants. The amended complaint will therefore be a futility unless the third-party complaint itself was filed prior to the expiration of the statutes of limitation.

### B. Whether the Amended Complaint was Otherwise Filed within the Statutes of Limitation.

The first point of inquiry is determining when the Plaintiff's amended complaint is deemed filed, because this sets the point in time for determining if it came before or after the expiration of the statute of limitation. "If a motion to amend is granted, the complaint is deemed amended as of the date the proponent of the amendment sought leave to amend, and not when the request is actually granted." Shillman, 2000 U.S. App. LEXIS 15800 at *17; *see also* Shirk v. Fifth Third Bancorp, No. 05-cv-049, 2008 U.S. Dist. LEXIS 108089, *54 (S.D. Ohio Sept. 26, 2008) (Party has no control over when a court renders a decision, so properly filed motion to amend a complaint tolls the statute of limitation even though technically the amended complaint will not be filed until the court rules on the motion.); United States v. Katz, 494 F. Supp. 2d 641, 644 (S.D. Ohio 2006) ("Federal courts have uniformly held that a claim set forth in an amended pleading is timely under the applicable statute of limitations if the motion for leave to amend was filed before the statute of limitations had run."). Plaintiff's motion for leave to amend was filed on June 6, 2017, which establishes the date his amended complaint will be deemed filed if the motion is approved.

The parties appear to agree that all of the Plaintiff's claims against the county-related defendants are subject to one-year statutes of limitation. They disagree, however, on when the injuries from which the statutes run are deemed to have accrued. While

Kentucky law supplies the applicable statute of limitation, a federal court does not "borrow" Kentucky's law of claim accrual; rather, federal law supplies its own rule of claim accrual for civil rights claims. Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). "The statute of limitations begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action." American Premier Underwriters, Inc. v. Nat'l Railroad Passenger Corp., 839 F.3d 458, 461 (6th Cir. 2016) (internal citations and quotations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. Courts determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights." Id.

Plaintiff's amended complaint alleges that his incarceration began on March 19, 2016, (DN 13-2, p. 9, ¶ 16), and that "approximately two weeks into his pretrial detention at the Jail" he experienced his first denial of medical care (Id. at p. 10, ¶18). Thus, this took place in late March or early April, 2016, more than a year before the filing of his motion to amend the complaint. His amended complaint further alleges that "[o]ver the course of his pretrial incarceration at the Jail, the Plaintiff experienced numerous bouts of illness caused by his deteriorating condition . . . ." but does not specify when these instances occurred (Id. at p. 10-11, ¶19). He further indicates that he "asked to see a doctor on numerous occasions, from March 19 to June 20, 2016," (Id. at p. 11, ¶20), but does not identify any dates upon which he requested medical assistance.

Plaintiff argues that the pattern of medical neglect from which he suffered should be considered to have taken place "on a continuing and repeated basis" until June 20,

2016, when he was released from jail. In Bruce v. Correctional Medical Services, Inc., 389 Fed. Appx. 462 (6th Cir. July 21, 2010) the Sixth Circuit delineated when a failure-to-treat claim is deemed to accrue. The court held that "passive inaction" does not support a continuing violation theory. A continuing violation "is occasioned by continual unlawful acts, not continual ill effects from the original violation." Id. at 466. A decision from the Eastern District of Kentucky explains the impact of Bruce:

> "In Bruce, the plaintiff claimed that the defendants failed to provide medical treatment for his knee and hip pain over a course of several years. The Court held that '[a]ctual acts by a [defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations.' Id. at 467. Courts within the Sixth Circuit have adopted Bruce's reasoning with respect to denial of medical treatment cases. See e.g., Bell v. Zeurcher, 2011 U.S. Dist. LEXIS 125927, 2011 WL 5191800, at *3 (E.D. Ky. Oct. 31, 2011) (statute of limitations began to run once inmate was aware of denial of his request for medical treatment); Dearing v. Mahalma, 2011 U.S. Dist. LEXIS 94824, 2011 WL 3739029 (S.D. Ohio Aug. 24, 2011) (holding that continuing violation doctrine did not apply to deliberate indifference claim); Buchanan v. Hamilton County Sheriff's Dept., 2012 U.S. Dist. LEXIS 182988, 2012 WL 6761507 (S.D. Ohio Nov. 26, 2012) (health provider's act of refusing medical care is discrete unlawful act)."

Simeon v. Kentucky Dept. of Corr., No. 3:14-046-GFVT, 2015 U.S. Dist. LEXIS 132505. *10, fn. 5 (E.D. Ky. Sept. 30, 2015).

Consequently, any specific instance in which Plaintiff requested, but was denied, necessary medical care could constitute a "discrete act" for which the Plaintiff was immediately on notice of the deprivation of his rights. Any of these acts which took place before June 2, 2016, (more than one year before Plaintiff filed his motion to amend the complaint) would not extend the statute of limitation through a theory of ongoing passive inaction. Only those discrete acts which took place after June 2, 2016, would be

within one year of the filing of the amended complaint and within the statute of limitation.

Although Plaintiff has not specifically identified any discrete acts which took place between June 2, 2016, and when he was released on June 20, 2016, viewing the amended complaint in a light most favorable to the Plaintiff and taking all well-pled allegations as true, the undersigned is not satisfied that at least one discrete act could not have taken place during that time period. It is therefore far from clear that the proposed amended complaint would be a futility. The viability of Plaintiff's claims against the new county-related defendants should be determined following discovery.

**IT IS ORDERED** the motion of the Plaintiff to file an amended complaint, DN 13, is **GRANTED**.

ENTERED this

Copies to:   Counsel of Record