UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00039-JHM

RICHARD E. MOORE                                                              PLAINTIFF

V.

HOPKINS COUNTY, KENTUCKY, et. al.                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on a Motion to Dismiss filed by Defendants Hopkins County, Joe Blue, Carl Coy, Amber Eagles, Brandon Lampton, Angela Hopper, Jarrett Backhurst, Victoria Davenport, Tracy Griffith, James Manns, Chris Melton, and Adam Qualls. [DN 44]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff Richard E. Moore III filed this lawsuit alleging the defendants were deliberately indifferent to his medical needs while he was incarcerated at the Hopkins County Jail. This is the second lawsuit filed by Moore alleging the denial of medical treatment during his incarceration. On May 27, 2016, when Moore was still incarcerated, he filed a pro se complaint alleging violations of 42 U.S.C. § 1983, naming the Hopkins County Jail as the only defendant. (*See* No. 4:16-CV-P65-JHM) During initial screening, the Court, noting that the Hopkins County Jail was not subject to suit under § 1983, construed the allegations to be made against Hopkins County, and since there were no allegations that the denial of medical care was the result of a custom or policy on the part of Hopkins County, the claims were dismissed. However, the Court gave the Plaintiff an opportunity to amend his complaint. The Court noted that any newly named Defendants must be sued in their individual capacities due to Plaintiff's failure to identify any

policy or custom as the moving force behind Plaintiff's alleged injuries. Plaintiff did not take advantage of the opportunity to amend and the case was dismissed on August 3, 2016

This suit was filed on March 17, 2017, by Plaintiff, through counsel, after the Plaintiff's release from incarceration. The initial complaint named, among others, Hopkins County, Jailer Joe Blue, in his official and individual capacities, Sergeant Carl Coy, in his official and individual capacity, and Unknown Guard or Deputies, in their official and individual capacities. On July 20, 2017, the Court allowed an amended complaint to be filed which identified the "Unknown Guards and Deputies" as Defendants Backhurst, Davenport, Griffith, Manns, Melton, Eagles, Lampton, Hopper and Qualls, all sued in their official and individual capacities. All of the Defendants referred to above will be referred to as the "Hopkins County Defendants".

The Hopkins County Defendants have filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that the doctrine of res judicata prevents Moore from re-litigating the claims that were brought or should have been brought in his first lawsuit.

## II. DISCUSSION

The Hopkins County Defendants argue that Moore's claims against them are precluded by the doctrine of res judicata. Under res judicata, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981). The Sixth Circuit has articulated that claim preclusion will bar any future litigation if the following elements are present: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Wilkins v. Jakeway*, 183

F.3d 528, 532 (6th Cir. 1999) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

In response, the Plaintiff makes two arguments. First, Plaintiff argues that the two actions are not between the same parties because the first action involved only official capacity claims and not individual capacity claims. Plaintiff appears to concede however, that the claims made here against Hopkins County and all other official capacity claims are precluded by the doctrine of res judicata as long as those claims are identical to those made in the first action---which is Plaintiff's second argument---that some of the claims made in this case were not, and could not have been included in the first case.

Addressing the second argument first, the Court finds that the claims alleged in this action are the same as those brought in the first action and there is an identity in the causes of action. The Sixth Circuit has instructed that there is an identity in the cause of action if two lawsuits "were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong, the two suits advanced the same cause of action notwithstanding any differences in remedies sought or theories of recovery pleaded." *Sherman v. Ludington*, No. 91-3936, 1992 WL 158878 (6th Cir. July 7, 1992) (citing *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1164 (1st Cir. 1991)). Using this guideline, the Court finds that the present lawsuit is the same as Moore's previous lawsuit regardless of the fact that Moore cites to additional grievances made between May12, 2016 and June 18, 2016. All of the claims from the present lawsuit arise out of the same set of facts that formed the basis of the first lawsuit – Moore's denial of medical and dental treatment during the period that he was incarcerated in the Hopkins County Jail. Therefore, all claims against Hopkins

County and the official capacity claims asserted against the individual Hopkins County Defendants are precluded and dismissed.

However, the Court agrees with the Plaintiff's argument that the individual capacity claims may go forward here because only official capacity claims were presented in the first action. The Hopkins County Defendants argue that Plaintiff could have brought individual capacity claims in the first action, and that, in fact, he was prompted to do so by the court. But, for whatever reason, he did not bring those individual capacity claims in the first action and res judicata does not prevent him from pursuing them now in this action.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as it applies to claims against Hopkins County and those employees of the Hopkins County Jail sued in their official capacities and **DENIED** as it applies to claims against those Hopkins County Jail employees sued in their individual capacities.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 8, 2018

cc: counsel of record