# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-00039-JHM

**RICHARD EDWARD MOORE, III**  PLAINTIFF

**VS.**

**HOPKINS COUNTY, KENTUCKY, et al.**  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Plaintiff Richard E. Moore, III, proceeding *pro se*, has filed a motion for extension of time in which to identify his expert witness (DN 69). Defendants, Advanced Correctional Healthcare, Inc., Deborah Ash, Matthew Johnston, Jodi Blake, Stephanie Utley, Robin Ramburger, Cheryl Connelly, and Jaclyn Gibson (collectively the "ACH Defendants") have filed a memorandum in opposition (DN 70). Defendants, Joe Blue, Carl Coy, Amber Eagles, Brandon Lampton, Angela Hopper, Jarrett Backhurst, Victoria Davenport, Tracy Griffith, James Manns, Chris Melton, and Adam Qualls (collectively the "County Defendants") have also filed a memorandum in opposition (DN 71). Moore has filed a reply memorandum (DN 72). For the reasons set forth below, Moore's motion (DN 69) is **GRANTED**.

### NATURE OF THE MOTION

On March 17, 2017, Moore, through counsel, filed a complaint asserting causes of action for civil rights deprivations under 42 U.S.C. § 1983, violation of K.R.S. § 71.040 relating to the care of prisoners, common-law medical negligence, intentional infliction of emotional distress

and claims of punitive damages (DN 1). With leave of Court (DN 23), Moore, through counsel, filed an amended complaint adding additional defendants (DN 24).

The scheduling order, filed on June 12, 2017, established deadlines for the completion of pretrial discovery and the filing of both dispositive and Daubert motions (DN 14). In relevant part, the scheduling order specified a January 15, 2018 deadline for Moore's expert witness disclosure (DN 14 ¶ 2).

On October 31, 2017, Moore's counsel moved to withdraw as Moore's attorney due to irreconcilable differences with Moore (DN 43). On December 7, 2017, Moore's counsel conferred with defense counsel, via email, about extending all of the current deadlines in the scheduling order in expectation that the Court would grant his motion to withdraw and provide Moore time to retain a new attorney (DN 72-1 PageID # 604-10). During this email discussion, counsel for the parties agreed that a telephonic conference should be set up with the Court to discuss both the pending motion to withdraw and modifications to the scheduling order deadlines (Id.).

On December 13, 2017, the Court conducted a telephonic conference with counsel for Moore and Defendants (DN 49). Discussion focused on both the motion to withdraw and amending the current deadlines in the scheduling order (Id.). The order memorializing the conference granted counsel's motion to withdraw; provided Moore with 30 days to have replacement counsel enter an appearance on his behalf or file a notice indicating he elected to proceed *pro se*; and **STAYED** current deadlines in the scheduling order (Id. PageID # 498-99). The ordered also scheduled a follow-up telephonic conference (Id. PageID # 499) that was later rescheduled to January 22, 2018 (DN 48).

On January 22, 2018, Moore filed a motion requesting an additional 30 days to retain counsel because his medical circumstances had prevented him for being able to do so (DN 54). On that same day, the Court conducted a telephonic conference with Moore and defense counsel participating (DN 55). Following discussion, the Court issued an order granting Moore's request for an additional 30 days to retain counsel (Id.). Additionally, the order amended "current deadlines" in the scheduling order (Id. PageID # 511-13). Specifically, new deadlines were established for Defendants' expert witness disclosures, completion of all pretrial discovery, and the filing of all dispositive and Daubert motions (Id.).

On March 5, 2018, Moore filed a notice indicating he would proceed *pro se* until further notice (DN 57). On March 22, 2018, the Court conducted a telephonic conference with Moore and defense counsel participating (DN 59). Discussion focused on Moore's unavailability for his deposition and the resulting delay in completing pretrial discovery (Id.). The Court ordered Moore's deposition be conducted on April 23, 2018, and extended the deadlines for completing all pretrial discovery and filing dispositive and Daubert motions (Id.).

Three days later, on March 26, 2018, Defendants' jointly moved to extend their current expert disclosure deadline of May 1, 2018 to June 29, 2018 (DN 60). In an order entered on April 5, 2018, the Court granted Defendants' motion and extended their expert disclosure deadline (DN 61).

On April 24, 2018, Moore and Defendants filed a joint motion to stay the current deadlines in the scheduling order (DN 62). The motion explained that Moore's deposition could not be taken on April 23, 2018, because he was hospitalized on April 19, 2018 with double-pneumonia and sepsis and he may remain in the hospital for at least two weeks (Id.). The motion further explained that the delay in taking Moore's deposition would impact the parties' ability to

comply with the current scheduling order deadlines (Id.).  In an order entered May 1, 2018, the Court granted the joint motion and stayed all current scheduling order deadlines (DN 63).

Upon request by Defendants, on June 6, 2018, the Court conducted a telephonic conference with Moore and defense counsel participating (DN 68).  Following discussions with Moore and defense counsel, the Court directed Moore to file by June 13, 2018, a motion to amend the scheduling order deadline for his disclosure of an expert witness (Id.).  Additionally, the Court ordered that Moore's deposition shall be conducted on August 16, 2018 (Id.).

Moore filed his motion for extension of time on June 15, 2018 (DN 69).  Moore blames health problems and his misunderstanding, regarding extensions to the scheduling order deadlines, for his failure to previously seek an extension of his expert witness disclosure deadline (DN 69).  Citing Fed. R. Civ. P. 6(b) and five factors identified by the Sixth Circuit, both sets of Defendants argue that Moore's motion should be denied because he has not demonstrated his failure to timely move for an extension was due to "excusable neglect" (DN 70, 71 citing Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) and Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  In his reply, Moore provides more information about his hospitalizations and asserts that he has satisfied the Rule 6(b) "excusable neglect" standard (DN 72).

DISCUSSION

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure applies when a party is moving a court to extend an expired filing deadline.  *See* Nafziger v. McDermott Intern., Inc. 467 F.3d 514, 522 (6th Cir. 2006).  However, Moore is not seeking an extension of time in which to file his Rule 26(a)(2) expert disclosure with the Court.  *See* Fed. R. Civ. P. 5(d)(1) (directing that Rule 26(a)(2) expert disclosures "must not be filed" with the court except in certain limited

circumstances that are not present here). Further, Defendants apparently overlooked the order directing that Moore "shall file a motion to amend scheduling order regarding disclosure of expert witnesses pursuant to Rule 16(b)(4)" (DN 68). In sum, Defendants' reliance on Rule 6(b)(1)(B) and related case law is misplaced.

Consistent with the June 15, 2018 order (DN 68), the Court will construe Moore's *pro se* filing as a motion, under Rule 16(b)(4), to amend or modify the scheduling order. Rule 16(b)(4) permits modification of scheduling orders "for good cause and with consent of the judge."

The December 2017 order stayed all current deadlines in the scheduling order while Moore attempted to locate replacement counsel (DN 49 PageID # 498-99). Moore's expert witness disclosure deadline was one of those current deadlines stayed by the order. However, during the telephonic conference on January 22, 2018, the Court mistakenly believed that Moore's deadline had expired. As a result, the January 2018 order modified the other current deadlines but not Moore's deadline for disclosure of expert witnesses (*see* DN 55). The Court discovered this oversight while reviewing the record in connection with Moore's motion. The Court also noted that all of the other scheduling order deadlines stayed by the December 2017 order and modified by subsequent orders (DN 55, 59, 61) are presently stayed (DN 63).

Moore indicates he received inpatient emotional/psychological care at the Moorehead Inspirational Center from December 15, 2017 through January 17, 2018 (DN 72 PageID # 600). On January 17, 2018, Moore was hospitalized for his heart condition and underwent a heart catheterization. Thus, from the time his counsel was allowed to withdraw on December 13, 2017 to the January 22, 2018 telephonic conference Moore's health prevented him from actively locating replacement counsel and/or prosecuting his case. Additionally, Moore indicates he was again hospitalized for serious health conditions in March and April 2018 (Id.). Thus, two

additional health events impaired Moore's ability to locate replacement counsel and/or actively prosecute his case. Moore has been attempting to prosecute his case since his release from the hospital in late April (*see e.g.*, DN 64, 65, 66).

The Court concludes that good cause exists to modify the scheduling order in light of the Court's own misunderstanding of Moore's expert witness disclosure deadline, his health related circumstance, and his *pro se* status. The Court also concludes any potential prejudice to Defendants will be adequately addressed by modifying the deadlines for Defendants' disclosure of expert witnesses, the completion of all pretrial discovery, and the filing of dispositive and Daubert motions.

ORDER

**IT IS HEREBY ORDERED** that Moore's motion (DN 69) is **GRANTED**.

**IT IS FURTHER ORDERED** that the current deadlines in the scheduling order are modified as follows:

(1) No later than September 7, 2018, Plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(2) No later than October 31, 2018, counsel for Defendants shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(3) No later than December 18, 2018, the parties shall complete all pretrial discovery of any kind, including discovery depositions of all expert witnesses. All written discovery requests

shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline. The limitations placed on discovery by the parties as set out in their joint report are hereby adopted by the Court. **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at 270-393-2507, or kelly_lovell@kywd.uscourts.gov. Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection**. Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "workproduct protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

(4) No later than January 18, 2019, counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions).

(5) The telephonic status conference scheduled for June 26, 2018, is REMANDED from the Court's docket and **RESCHEDULED to be conducted on January 4, 2019, at 9:00 am, CST**. The Court will initiate the call.

Copies to:  Richard E. Moore, III, *pro se*
            Counsel of Record