UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00039-JHM-HBB

RICHARD EDWARD MOORE III                        PLAINTIFF

V.

HOPKINS COUNTY, KENTUCKY, et al.                 DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Motions for Summary Judgment filed by two groups of defendants. [DN 100; DN 101]. The first group of defendants consists of Advanced Correctional Healthcare, Inc. ("ACH"), Matthew Johnston, Jodi Blake (now Smith), Stephanie Utley, Robin Ramburger, Cheryl Connelly, Jaclyn Gibson, Deborah Ash (collectively "ACH Defendants"). [DN 100]. The second group of defendants—named in their individual capacities—consists of Joe Blue, Jarret Backhust, Carl Coy, Victoria Davenport, Tracy Griffith, James Manns, Chris Melton, Amber Eagles, Brandon Lampton, Angela Hopper, and Adam Qualls (collectively "County Defendants"). [DN 101-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that Defendants' Motions for Summary Judgment are **GRANTED**.

### I.      Background

Pro se[1] Plaintiff Richard Moore III was a pretrial detainee at Hopkins County Jail for three months. [DN 100-1 at 2, 6]. The Jail contracts with ACH to provide medical services. [DN 100-1 at 15–16]. During Moore's incarceration, he, or someone on his behalf, submitted 16 documented sick calls; he was seen at least 14 times. [DN 100-1 at 3; DN 100-6]. Moore's sick calls were for issues such as dental problems, chest pain, dizziness, requests for medication, and heart problems. [DN 100-6]. A Licensed Practical Nurse ("LPN") responded to Moore's sick calls and treated him.

---

[1] Moore was initially represented by counsel but now proceeds pro se. [DN 57].

[DN 100-23 Pl. 77:4–14]. He was prescribed medication for his dental issues and given relevant treatment for his other complaints. [DN 100-6; DN 100-9; DN 100-10]. Later, a dentist examined Moore and recommended that one tooth be extracted. [DN 100-11]. Moore refused to have the infected tooth extracted unless the dentist extracted of all his teeth. [DN 100-11; DN 100-12]. According to ACH Defendants' expert, Moore was given appropriate treatment while incarcerated. [DN 75-1 at 6]. Moore was released from jail to a rehabilitation facility. [DN 100-14].

He then sued Defendants in this Court.[2] [DN 1]. The Court gave Moore permission to amend his complaint, which he did. [DN 23; DN 24]. Defendants initially included Hopkins County, Joe Blue, Carl Coy, Amber Eagles, Brandon Lampton, Angela Hopper, Jarret Blackhurst, Victoria Davenport, Tracy Griffith, James Manns, Chris Melton, and Adam Qualls. [DN 24]. Those defendants asked the Court to dismiss the case. [DN 44]. The Court dismissed the case as it applied to claims against Hopkins County and Hopkins County Jail employees sued in their official capacities; it did not dismiss the case as it applied to claims against Hopkins County Jail employees sued in their individual capacities. [DN 52]. Defendants now move for summary judgment. [DN 100; DN 101].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies

---

[2] This is the second lawsuit filed by Moore. In May 2016, Moore filed a pro se complaint while he was still incarcerated alleging violations of 42 U.S.C. § 1983, naming Hopkins County as the only defendant. The claims were dismissed but the Court gave Moore an opportunity to amend his complaint. Because Moore did not amend his complaint, the complaint was dismissed. [DN 44 at 1–2].

this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Obligations under Rule 56 are not lessened for a pro se plaintiff. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (internal citations omitted). The Sixth Circuit has made it clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion"). Statements in a verified complaint that are based on personal knowledge, however, may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III. DISCUSSION

Moore alleges that the Defendants violated his Fifth, Eighth, Tenth, and Fourteenth Amendment rights under the United States Constitution. [DN 24]. He also alleges state claims under KRS § 71.040, negligence, gross negligence, and outrage (intentional infliction of emotional distress). [DN 24]. The Court considers each of Moore's claims in turn.

#### A. Abandonment of Claims

The ACH Defendants argue that Moore has abandoned his claims against all ACH Defendant individuals except ACH Defendant Johnston—the Court agrees. [DN 111 at 2–3]. The Sixth Circuit has said, "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (collecting cases). Moore has abandoned all of his Fifth and Tenth Amendment claims because he fails to even mention them in his response. [DN 110]. Moore's Eighth and Fourteenth Amendment claims against all of the ACH Defendants, except ACH Defendant Johnston, are abandoned because he only responded to arguments about ACH Defendant Johnston—he did not even discuss the other ACH Defendants in his response. [*Id.*]. So, the Court will only analyze Moore's claims against ACH Defendant Johnston.

For the same reason that Moore's Fifth and Tenth Amendment claims against the ACH Defendants are abandoned, so are his Fifth and Tenth Amendment claims against the County Defendants. Moore's claims against County Defendants Victoria Davenport, Tracy Griffith, James Manns, Chris Melton, Brandon Lampton, and Adam Qualls are also abandoned because he did not address claims against these defendants in his response. Thus, only Moore's claims against County Defendants Joe Blue, Jarret Backhurst, Carl Coy, Amber Eagles, and Angela Hopper remain for the Court to discuss.

4

### A. Deliberate Indifference to a Serious Medical Need

To prevail under § 1983, a plaintiff must prove (1) "the violation of a right secured by the Constitution and laws of the United States"; and (2) "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

An Eighth Amendment claim requires a plaintiff to prove two distinct components—one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citation and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, a plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Napier v. Madison Cty., Ky*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 836).

The subjective component of the Eighth Amendment standard is met when "a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*,

313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003)). Under the subjective prong, a plaintiff must show: (1) "the official being sued subjectively perceived the facts from which to infer substantial risk to the prisoner"; (2) the official "did in fact draw the inference"; and (3) the official "then disregarded that risk." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (citation and internal quotation marks omitted).

A plaintiff must also show that his claim involves more than a difference of opinion between the plaintiff and a doctor about the plaintiff's diagnosis and treatment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). When "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

**1. Deliberate Indifference to a Serious Medical Need Claim Against ACH Defendant Johnston**

Assuming Moore had an objectively serious medical need, Moore cannot prove the subjective component of the claim. Moore argues that ACH Defendant Johnston or a doctor should have treated him instead of LPNs. [DN 110 at 5]. ACH Defendant Johnston is a nurse practitioner, who reviewed and signed Moore's charts. [DN 100-27 Def. 13:1–3]. He prescribed Moore antibiotics for his tooth infection for three months. [DN 100-27 Def. 6:18–20]. Moore's preference for a nurse practitioner or a doctor over a LPN does not prove that ACH Defendant Johnston was deliberately indifferent to Moore's health because it does not show that ACH Defendant Johnston disregarded any risks to Moore's health.

Moore also argues that ACH Defendant Johnston should have ordered the LPNs to send him to the emergency room. [DN 110 at 5]. To the extent that Moore is arguing that ACH Defendant Johnston's liability is based on his right to control employees, § 1983 liability "must be based on more than *respondeat superior*, or the right to control employees." *Shehee v. Luttrrrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Sixth Circuit has specifically held that a medical services supervisor cannot be held individually liable under § 1983 based upon general allegations of failing to properly supervise and train nurses which resulted in the nurses making allegedly "inadequate and incompetent medical determinations." *Broyles v. Corr. Med. Servs.*, 478 F. App'x 971, 977 (6th Cir. 2012). Instead, a plaintiff must show that, at a minimum, "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 977 (citing *Shehee*, 199 F.3d at 300).

ACH Defendant Johnston did not authorize, approve, or knowingly acquiesce in any unconstitutional conduct because Moore has not proven that any underlying unconstitutional conduct existed. Moore admits that he received medical treatment—he just disagrees with the treatment that he received. [DN 110 at 3]. A LPN responded to at least 14, if not all, of the 16 documented sick calls. [DN 100-23 Pl. 77:4–7]. When Moore complained of chest pain, he admits that a LPN saw him the same day. [DN 100-23 Pl. 77:8–10]. Moore's disagreement about his medical treatment alone does not prove that ACH Defendant Johnston violated the Eighth Amendment.

2. **Deliberate Indifference to a Serious Medical Need Claim Against ACH**

ACH argues that Moore cannot point to any policy that resulted in a constitutional deprivation. [DN 100-1 at 17]. The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), *abrogated on other grounds by Warren v. Prison Health Servs., Inc.*,

576 F. App'x 545 (6th Cir. 2014) (citation omitted). Section 1983 claims made against a private corporation in contract with Hopkins County are analyzed in the same way as a claim against a municipality. *Id.* To show municipal liability, the plaintiff must (1) identify the municipal policy; (2) connect the policy to the municipality; and (3) show that the particular injury was incurred because of the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Moore has not provided any evidence of a policy or custom that led to the alleged constitutional violation. ACH is entitled to judgment as a matter of law.

### 3. Deliberate Indifference to a Serious Medical Need Claim Against County Defendants

"[I]f a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Smith v. City of Lenawee*, 505 F. App'x 526, 532 (6th Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "Absent a reason to believe (or actual knowledge) that [medical professionals] are mistreating (or not treating) a [detainee], a non-medical official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* The Court will consider Moore's constitutional claims against each of the remaining County Defendants in turn.

Moore argues that because it was County Defendant Blue who chose to contract with ACH he should have done something about ACH Defendant Johnston not seeing Moore. [DN 109 at 11]. Moore's argument about County Defendant Blue is irrelevant because it does not prove deliberate indifference to Moore's serious medical needs. The record does not support that County Defendant Blue violated the Eighth Amendment.

Moore alleges that County Defendant Backhurst dumped him out of a wheelchair and made him walk back to his cell after seeing a nurse. [DN 109 at 9–10]. Defendants argue that the record does not support Moore's allegations. [DN 112 at 3–4]. Even if what Moore says is true, it does not

8

support a claim of deliberate indifference to a serious medical need but rather a potential claim for excessive force, which is was not alleged here.

Moore also argues that County Defendant Coy was the guard in charge of all disciplinary action and has no record of any disciplinary action against Moore. [DN 109 at 11]. This is immaterial. Moore points to no evidence that shows that County Defendant Coy was deliberately indifferent in violation of the Eighth Amendment.

Moore alleges that after County Defendant Eagles delivered him to a cell and not a medical department, she said, "If you want medical treatment [then] you should not have come to jail." [DN 109 at 6]. While "[h]earsay evidence must be disregarded" in a summary judgment motion, the statement here is nonhearsay. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997). County Defendant Eagles' statement is an opposing party statement under the Federal Rules of Evidence. FED. R. EVID. 801(d)(2)(A). Even if the alleged statement was made, it is not dispositive because Moore admits that he did receive medical care although he disagrees with the treatment. [DN 109 at 5–6].

Moore also takes issue with County Defendant Hopper recalling him being in jail, but not recalling specific incidents. [DN 109 at 7]. Moore says that she was present when Moore saw the dentist. [DN 100-25 Pl. 229: 9–20]. Yet, the evidence does not support that Defendant Hopper denied Moore adequate medical care.

Each of these prison officials were justified in believing that Moore was in capable hands. There was no reason for them to believe that the medical professionals charged with treating Moore were mistreating him. The evidence does not show that the constitutional rights alleged to have been violated here were, in fact, violated. The County Defendants are entitled to judgment as a matter of law.

### B. State Law Claims

Having dismissed Moore's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Hence, Moore's state law claims are dismissed without prejudice.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment [DN 100; DN 101] are **GRANTED**. The federal claims against Defendants are dismissed. The state law claims are dismissed without prejudice.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

October 23, 2019

cc: counsel of record